**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA,**
Plaintiff,

v.                                                                   **CRIM. No. 25-302 (PAD)**

**JUAN JOSE JAVIER-GONZALEZ,**
Defendant.

**UNITED STATES' SENTENCING MEMORANDUM**

TO THE HONORABLE COURT:

COMES NOW the United States of America, through the undersigned attorney, and submits this sentencing memorandum in aid of the Court for the purposes of sentencing the above-captioned defendant.

1. The United States Sentencing Recommendation

After due consideration of the factors enumerated in 18 U.S.C. § 3553, the United States recommends a sentence of imprisonment of 3 months to be followed by a supervised release term of 3 years. The United States also recommends that the special conditions of supervision in Part E of the PSR (ECF No. 21) be included as part of his conditions of release.

2. Guideline Calculations in the Pre-sentence Report

After consideration of the charge and facts related to the above-captioned case, the United States Probation Office for the District of Puerto Rico established the following guideline calculations (ECF No. 21):

**Base Offense Level:** The guideline for Title 8, U.S.C. § 1326(a) offense is found in USSG §2L1.2. That section provides that the entry of a previously deported alien has a base offense level of eight. USSG §2L1.2(a).                                  <u>8</u>

**Specific Offense Characteristics:** None.                                  <u>0</u>

**Victim Related Adjustment:** None.                                  <u>0</u>

**Adjustment for Role in the Offense:** None.                                  <u>0</u>

**Adjustment for Obstruction of Justice:** None.                                  <u>0</u>

**Adjusted Offense Level (Subtotal):** Eight.                                  <u>8</u>

**Chapter Four Enhancement:** None.                                  <u>0</u>

**Acceptance of Responsibility:** The defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. USSG §3E1.1(a).                                  <u>-2</u>

**Total Offense Level:** Six.                                  <u>6</u>

3. <u>Applicable Guidelines Range</u>

According to the PSR, defendant has a criminal history category of I. Based upon a total offense level of **6** (or 4) and a criminal history category of I, the guideline imprisonment range is **<u>0 to 6 months</u>**.

Additionally, as provided in the PSR, defendant has no prior convictions or prior convictions that result in criminal history points. Accordingly, **a further deduction of 2 levels in defendant's total offense level may apply if defendant's meet the requirements for an adjustment for certain zero-point offenders pursuant to U.S.S.G. §4C1.1.** Based upon a total offense level of **4** (or 6) and a criminal history category of I, the guideline imprisonment range is also **<u>0 to 6 months</u>**.

4. <u>Summary of Facts of Criminal Conduct</u>

From on or about June 25, 2025, in the District of Puerto Rico and within the jurisdiction of this Court, Defendant Juan Jose Javier-Gonzalez, who is an alien, as

the term is defined in Title 8, *United States Code*, Section 1101(a)(3), and who has been previously removed from the United States, entered and was found in the United States, without obtaining, prior to his re-embarkation at a place outside the United States, the express consent of the Secretary of Homeland Security to reapply for admission into the United States. All in violation of Title 8, *United States Code*, Section 1326(a).

On June 25, 2025, defendant was encountered by Homeland Security Investigations (HSI) Special Agents in Ponce, Puerto Rico when they conducted a vehicle-stop. Agents had reasonable articulable suspicion to believe that the registered owner of the vehicle was illegally present in the United States.

Agents requested an identification from Defendant, which he did not provide. Agents performed an immigration examination and as a result, it was determined that Defendant is a national and citizen of the Dominican Republic who was and continues to be illegally present in the United States. The immigration inspection to determine Defendant's admissibility revealed that he was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, valid unexpired passport, valid entry document, or other suitable document to enter, pass through, or remain in the United States. Defendant was arrested for further processing. Immigration records checks revealed the following:

    a. On March 4, 2022, at approximately 5:20 AM (AST), Ramey Sector Border Patrol Agents responded to a report of a Maritime Smuggling Event (MSE)

      in Hatillo, PR. After an extensive search of the area, agents detained sixteen non-citizens from the Dominican Republic, including Defendant.

  b. Defendant was placed in Expedited Removal Proceedings, and on March 10, 2022, an Expedited Order of Removal was issued against him.

  c. Pursuant to that removal order, on April 19, 2022, Defendant was physically removed from the United States to the Dominican Republic.

Record checks further revealed that as of June 26, 2025, Defendant had not submitted an application requesting permission to reapply for admission to enter the United States (Form I-212) before the U.S. Citizenship and Immigration Services ("USCIS"). Furthermore, Defendant has not obtained the express consent from the Secretary of Homeland Security to enter the United States, nor does he have any immigration documents allowing him to legally enter, pass through or remain in the United States.

    5. <u>Summary of Background of Defendant</u>

Defendant, a national and citizen of the Dominican Republic. According to the PSR most of defendant's family resides in the Nagua, Dominican Republic, the same place where he was born and raised. Defendant reported maintaining a good relationship with his family. Defendant further reported he was reared by his parents and that he grew up in an environment with proper guidance and values. Defendant's mother passed away about 15 years due to cancer and his father is still alive and resides in Nagua, Dominican Republic. Defendant also has a 7-year-old daughter who also resides in Nagua, Dominican Republic.

As to his immigration history, defendant is currently subject to removal proceedings and was previously removed from the United States to the Dominican Republic in April 2022.

6. <u>Sentencing Procedure, 18 U.S.C. § 3553 Factors</u>

District courts should follow a standard procedure when sentencing defendants. That standard was set forth in *Gall v. United States*, 552 U.S. 38 (2007). According to that precedent, the district court's "starting point" is to determine the advisory sentencing range under the Guidelines. *Id.* at 49. That includes resolving any objections to the presentence report. *United States v. Laureano-Perez*, 797 F.3d 45, 80 (1st Cir. 2015). The parties then present their arguments on what they believe is the appropriate sentence. *Gall*, 552 U.S. at 49. After that, the district court must weigh the factors in section 3553(a) to determine whether they support the sentences requested by the parties. *Id.* A district court errs in performing this procedure by treating the Guidelines as obligatory rather than advisory, *id.* at 51, or presumptively reasonable, *United States v. Nelson*, 555 U.S. 350, 352 (2009) (per curiam). The district court is required to provide an explanation for the sentence it determines is appropriate; that allows for meaningful appellate review and promotes the perception of fair sentencing. *Gall*, 552 U.S. at 50.

Pursuant to 18 U.S.C. § 3553(a), a sentencing court must consider the following factors when imposing a sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B) to afford adequate deterrence to criminal conduct;

      (C) to protect the public from further crimes of the defendant; and

      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established ...

(5) any pertinent policy statement—

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

7. <u>Conclusion</u>

The United States submits that a sentence of imprisonment of 3 months to be followed by a supervised release term of 3 years is sufficient but not greater than necessary to achieve the sentencing goals in this case.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 3rd day of December 2025.

                                          W. Stephen Muldrow
                                          United States Attorney

                                          <u>s/ Manuel Muñiz-Lorenzi</u>
                                          Manuel Muñiz-Lorenzi
                                           USDC # G03304
                                           Assistant United States Attorney
                                           350 Chardón Ave, 1201
                                           San Juan, Puerto Rico 00918
                                           Manuel.Muniz.Lorenzi@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*s/ Manuel Muñiz-Lorenzi*
Manuel Muñiz-Lorenzi
Assistant United States Attorney
